JUDGES — UNIFORM RETIREMENT SYSTEM A Justice or Judge who has served eight years of accredited service and then resigns before qualifying for retirement benefits under any of the provisions of 20 O.S. 1102 [20-1102] (1969), as amended, may retire under the Uniform Retirement System for Justices and Judges Act upon reaching age 70, providing he was serving as a Justice of the State Supreme Court, or a Judge of the Court of Criminal Appeals on April 8, 1968, or as a Judge of the District Court or Superior Court on January 12, 1969. Otherwise, the Justice or Judge must serve at least one year and the major portion of a second year after January 12, 1969, to be eligible. If said Justice or Judge dies before receiving any retirement benefits, his named beneficiary, or his estate, if he has no named beneficiary, is entitled to receive his accumulated contribution. The Attorney General has considered your letter requesting an official opinion wherein you ask, as follows: "The question has arisen as to what rights any Justice or Judge might have who has served eight years of accredited service and then resigns before qualifying for retirement benefits under any of the provisions of Section 1102?" You refer to part of 20 O.S. 1103 [20-1103] (1969), in your letter, as follows: "If a justice or judge shall cease to be a justice or judge of the above-mentioned courts, for any reason, before he has accumulated eight (8) years of accredited service or if he dies before receiving any retirement compensation, then the said four per cent (4%) retained from his salary shall be paid to him or his named beneficiary, or his estate in case of no named beneficiary, and he shall have no further claim against the State of Oklahoma for retirement pay for his services to date." Title 20 O.S. 1102 [20-1102] (1969), as amended by S. B. No. 595, 1, 32nd Oklahoma Legislature, 2nd Session (1970) reads, in part, as follows: "Any justice or judge . . . who serves . . . for a period of eight (8) years or longer and upon reaching or passing the age of seventy (70) years, or who serves for a period of ten (10) years or longer and upon reaching or passing the age of sixty-five (65) years, or who serves for a period of twenty (20) years or longer and upon reaching or passing the age of sixty (60) years, shall receive the retirement benefits herein provided, and, if such justice or judge is still serving in such capacity when the above requirements are complied with, he may elect to retire and may elect whether such retirement shall become effective immediately or at a specified time within his term or at the expiration of his term, . . . if the conditions herein specified exist. For the purpose of this act; years to be credited for retirement shall be as follows: Any justice or judge who, at the time this act was originally passed in 1968, April 8, 1968 was serving as a justice or judge of a court that is included in the State Supernumerary Judges Act, Supreme Court, Court of Criminal Appeals, District Court, and Superior Court shall receive credit for retirement under this act for each year said justice or judge who, on January 12, 1969, was not serving as a justice or judge of a court that was included in the State Supernumerary Judges Act, Supreme Court, Court of Criminal Appeals, District Court, and Superior Court shall receive credit for each year he has served as a justice or judge of a court of record, providing that he has served a period of two (2) years 145 after assuming the office as a justice or judge of one or more of the above-mentioned courts, Supreme Court, Court of Criminal Appeals, District Court, or Superior Court and, in determining the periods of time above mentioned, a major fraction of a year shall count as a whole year. . . ." (Emphasis added) Section 20 O.S. 1103 [20-1103], supra, provides that if the Justice or Judge shall cease to be a Justice or Judge before he has accumulated eight years of accredited service, or if he dies before receiving any retirement compensation, then provision is made for payment of the four per cent retained from his salary to the person or persons referred to therein. Section 20 O.S. 1102 [20-1102], supra, requires the following conditions be met prior to the Justice or Judge being eligible to retire under this act: 1. Meet the age requirements. 2. Meet the years of service requirements. 3. If not serving on the State Supreme Court or the Court of Criminal Appeals on April 8, 1968, or the District Court or Superior Court on January 12, 1969, then the Justice or Judge must serve at least one year and the major portion of a second year after January 12, 1969, to be eligible. The "if" clause of Section 1102, supra, provides "and, if such justice or judge is still serving in such capacity when the above requirements are complied with, he may elect to retire. . . ." The conjunction "and" separates the "if" clause from the language that came before it, and makes it clear that the "if" clause relates to the language that came after it. It does not modify what was stated before in said section. Therefore, a Justice or Judge need not be serving at the time he becomes eligible for retirement in order to draw retirement benefits. Where the meaning of a statute is clear on its face, it must be enforced as written. Skelly Oil Company v. United States, 255 F. Supp. 228 (N.D. Okl. 1966). It is therefore the opinion of the Attorney General that a Justice or Judge who has served eight years of accredited service and then resigns before qualifying for retirement benefits under any of the provisions of 20 O.S. 1102 [20-1102] (1969), as amended, may retire under the Uniform Retirement System for Justices and Judges Act upon reaching age 70, providing he was serving as a Justice of the State Supreme Court, or a Judge of the Court of Criminal Appeals on April 8, 1968, or as a Judge of the District Court or Superior Court on January 12, 1969. Otherwise, the Justice or Judge must serve at least one year and the major portion of a second year after January 12, 1969, to be eligible. If said Justice or Judge dies before receiving any retirement benefits, his named beneficiary, or his estate, if he has no named beneficiary, is entitled to receive his accumulated contribution. (W. Howard O'Bryan Jr.) ** SEE: OPINION NO. 75-152 (1975) **